UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GETO LAFORTUNE & MADELIN CANELA,

                                                Plaintiffs,

                -against-

THE CITY OF NEW YORK, SERGEANT NIKOLAOS STEFOPOULOS, POLICE OFFICER AMERICO MICHEL, POLICE OFFICERS JOHN & JANE DOES 1-4,

                                                Defendants.

**FIRST AMENDED COMPLAINT**

16 CV 112 (ARR) (MDG)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiffs allege that the City of New York and several New York City Police Officers of the 123rd Precinct violated their rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution by subjecting them to an illegal search and seizure, false arrest, fabricated evidence and malicious prosecution.  Plaintiffs also assert claims of false arrest, false imprisonment, malicious prosecution and vicarious liability under New York law.  Plaintiffs seek compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiffs invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, false

imprisonment, malicious prosecution and vicarious liability which form part of the same case and controversy as plaintiffs' federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiffs' claims of false arrest, false imprisonment, malicious prosecution and vicarious liability under state law, notices of claim were duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filings, and the City has neglected or refused adjustment or payment of the claims.

7. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8. Plaintiffs are residents of the State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

11. During the evening of October 31, 2015, Geto Lafortune, Madelin Canela and Canela's boyfriend Edwin Santiago were driving in Staten Island headed for a social gathering at Lafortune's family's house in New Jersey. Santiago was driving the car, Canela, the owner, was sitting in the front passenger seat and Lafortune was sitting in the back seat.

12. At approximately 11:00 p.m., in front of 56 Seguine Avenue in Staten Island, NYPD officers, including Sergeant Nikolaos Stefopoulos and Police Officer Americo Michel (hereinafter, "defendants"), stopped and searched the vehicle and plaintiffs without legal justification.

13. During the search of the car, the defendants found illegal narcotics that Santiago had hidden in the vehicle without Canela's or Lafortune's knowledge.

14. Santiago told the defendants at the scene that the narcotics belonged to him and that Canela and Lafortune did not know anything about it, but the defendants arrested all three individuals.

15. When Santiago again claimed full responsibility and requested that Canela and Lafortune be released, one or more of the defendants responded, "tell it to the judge."

16. The defendants took plaintiffs to the 123rd Precinct.

17. In the 123rd Precinct, Sergeant Stefopoulos, acting with the knowledge and approval of the other defendants, charged plaintiffs and Santiago with several counts of possession of a controlled substance and one count of possession of marijuana.

18. While plaintiffs were incarcerated, Sergeant Stefopoulos, acting with the knowledge and approval of the other defendants, misrepresented to prosecutors that plaintiffs

were found in possession of narcotics and that some of the drugs were found near Canela and Lafortune.

19. In furtherance of having plaintiffs prosecuted, Sergeant Stefopoulos, acting with the knowledge and approval of the other defendants, caused the creation of, and signed, a criminal court complaint falsely charging plaintiffs with four counts of possession of a controlled substance and one count of possession of marijuana and misrepresenting that some of the drugs were found near Canela and Lafortune.

20. On November 2, 2015, at approximately 3:00 p.m., plaintiffs were arraigned in Criminal Court, Richmond County.

21. The presiding judge set bail on Santiago and Lafortune. Canela, who does not have a criminal history, was released on her own recognizance.

22. Lafortune was incarcerated at Rikers Island Correctional Facility until he posted bail on November 6, 2015, at approximately 2:00 p.m.

23. On November 12, 2015, prosecutors dismissed all of the criminal charges filed against plaintiffs. Santiago subsequently pled guilty to possession of the drugs.

24. Defendants' illegal conduct as described above caused plaintiffs to suffer emotional distress, humiliation, embarrassment, fear, anxiety, substantial inconvenience, a loss of liberty, the pains of incarceration, damage to their personal and professional reputations, and financial loss, including lost wages.

### FIRST CLAIM
### (§ 1983; FALSE ARREST AND ILLEGAL SEARCH AND SEZIURE)

(Against All Defendants)

25. Plaintiffs repeat the foregoing allegations.

26. Defendants, acting under color of state law, unlawfully stopped and seized plaintiffs, illegally searched plaintiffs and their vehicle, and falsely arrested and imprisoned plaintiffs in violation of § 1983 and the Fourth Amendment.

27. Defendants intended to confine the plaintiffs, plaintiffs were conscious of their confinement, plaintiffs did not consent to their confinement, and plaintiffs' confinement was not privileged or lawful.

28. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

29. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; FABRICATION OF EVIDENCE)

(Against All Defendants)

30. Plaintiffs repeat the foregoing allegations.

31. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiffs were found in possession of drugs that were hidden near plaintiffs in violation of § 1983, the fair trial clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment.

32. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

33. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against All Defendants)

34. Plaintiffs repeat the foregoing allegations.

35. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiffs were found in possession of drugs that were hidden near plaintiffs, and initiated a prosecution against plaintiffs which terminated in plaintiffs' favor.

36. Defendants' conduct violated § 1983 and the Fourth Amendment.

37. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

38. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

### FOURTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

39. Plaintiffs repeat the foregoing allegations.

40. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights under the Fourth, Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

41. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

42. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

43. Plaintiffs repeat the foregoing allegations.

44. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

45. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

46. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

47. Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of police misconduct made against the defendants and failed to properly train, retrain, supervise, discipline, counsel and monitor the defendants after the complaints of misconduct were made.

48. The City of New York's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

49. The City of New York's conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

50. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (FALSE ARREST/FALSE IMPRISONMENT UNDER NEW YORK LAW)

(Against All Defendants)

51. Plaintiff repeats the foregoing allegations.

52. Defendants, acting within the scope of their employment as members of the NYPD, unlawfully stopped and seized plaintiffs, illegally searched plaintiffs and their vehicle, and falsely arrested and imprisoned plaintiffs in violation of New York law.

53. Defendants intended to confine the plaintiffs, plaintiffs were conscious of their confinement, plaintiffs did not consent to their confinement, and plaintiffs' confinement was not privileged or lawful.

54. Because the individual defendants were acting within the scope of their employment when they falsely arrested and imprisoned plaintiffs, the City of New York is vicariously liable to plaintiffs.

55. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

56. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION UNDER NEW YORK LAW)

(Against All Defendants)

57. Plaintiffs repeat the foregoing allegations.

58. Defendants, acting within the scope of their employment as members of the NYPD, maliciously misrepresented to prosecutors that plaintiffs were found in possession of

drugs that were hidden near plaintiffs, and initiated a prosecution against plaintiffs which terminated in plaintiffs' favor.

59. Because the individual defendants were acting within the scope of their employment when they maliciously prosecuted plaintiffs, the City of New York is vicariously liable to plaintiffs.

60. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

61. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiffs request the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: March 14, 2016

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391